(89 South. 841)

**BREWER v. STATE.** (6 Div. 918.)

(Court of Appeals of Alabama. May 31, 1921.)

1. **Habeas corpus** &⊂=113(6) — **Appeal from denial of bail not perfected without statutory statement.**

An appeal from judgment adverse to one accused of murder in the first degree in habeas corpus proceedings for bail is not perfected where defendant failed to file a written statement signed by himself or his attorney that he appeals from the judgment as required by Acts 1919, p. 86, § 7.

2. **Habeas corpus** &⊂=113(9) — **Appeal from denial of bail not reviewable without all the evidence.**

The decision of the trial judge in habeas corpus refusing bail to one accused of murder in the first degree cannot be reversed where the bill of exceptions does not purport to set out all or substantially all of the evidence.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Henry Brewer was indicted for murder in the first degree and brought habeas corpus for bail, which being denied, he appeals. Dismissed.

Vaughan & Silberman, of Birmingham, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant is being held in the Jefferson county jail under an indictment charging him with murder in the first degree, the killing of Herbert Kuykendall. On a hearing for bail, under his peti-

tion of habeas corpus, addressed to and heard by Hon. H. P. Heflin, judge of the criminal division of the Tenth judicial circuit of Alabama, he was denied bail, and from such judgment he has appealed to this court.

There are two reasons why this court cannot consider the merits of the petition.

[1] In the first place, the defendant has not perfected an appeal in the case, in that he has failed to file a written statement signed by the defendant or his attorney that the defendant appeals from the judgment, as provided for by section 7 of an act approved February 15, 1919. Acts Ala. 1919, p. 86.

[2] In the second place, if the appeal had been perfected, we would be unable to say that the trial judge had erred in refusing bail, in that the bill of exceptions does not purport to set out all or substantially all of the evidence.

The appeal is therefore dismissed.